IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

GEMINI INSURANCE COMPANY, )    CV 10-00637 LEK-BMK
                          )
          Plaintiff,       )    ORDER DENYING WITHOUT
                          )    PREJUDICE DEFENDANTS'
     vs.                   )    MOTION FOR STAY
                          )
KUKUIʻULA DEVELOPMENT      )
COMPANY (HAWAII), LLC; DMB )
KUKUIʻULA, LLC; KDC, LLC;  )
DMB ASSOCIATES (HAWAII),   )
INC.; and A&B PROPERTIES, INC., )
                          )
          Defendants.      )
_____ )
                          )
KUKUIʻULA DEVELOPMENT      )
COMPANY (HAWAII), LLC; DMB )
KUKUIʻULA, LLC; KDC, LLC;  )
DMB ASSOCIATES (HAWAII),   )
INC.; and A&B PROPERTIES, INC., )
                          )
          Defendants/      )
          Counterclaimants, )
                          )
     vs.                   )
                          )
GEMINI INSURANCE COMPANY, )
                          )
          Plaintiff/Counterclaim- )
          Defendant.       )
_____ )
                          )
KUKUIʻULA DEVELOPMENT      )
COMPANY (HAWAII), LLC; DMB )
KUKUIʻULA, LLC; KDC, LLC;  )

DMB ASSOCIATES (HAWAII),   )
INC.; and A&B PROPERTIES, INC., )
                          )
        Defendants/Third-Party  )
        Plaintiffs,             )
                          )
   vs.                       )
                          )
INDIAN HARBOR INSURANCE   )
COMPANY,                   )
                          )
        Third-Party Defendant.  )
_____ )

## ORDER DENYING WITHOUT PREJUDICE
## DEFENDANTS' MOTION FOR STAY

Before the Court is Defendants/Counterclaimants/Third-Party

Plaintiffs Kukuiʻula Development Company (Hawaii), LLC, DMB Kukuiʻula,

LLC, KDC, LLC, DMB Associates (Hawaii), Inc., and A&B Properties, Inc.'s

(collectively "Defendants") Motion for Stay.  (Doc. # 47.)  The Court heard the

motion on July 25, 2011.  After careful consideration of the motion, the supporting

and opposing memoranda, and the arguments of counsel, the Court DENIES

WITHOUT PREJUDICE Defendants' Motion for Stay.

## BACKGROUND

This case arises out of an insurance coverage dispute, relating to

actions filed in the Circuit Court of the Fifth Circuit, State of Hawaii ("state

court").

I.     The Underlying Actions

        Defendant Kukuiʻula Development Company (Hawaii), LLC
("KDC") was engaged in the planning, development, and construction of the
Kukuiʻula Residential/Community Project on Kauai ("Project").  (Mem. in Supp.
of Mot. at 1-2.)  In 2009, three lawsuits were filed against Defendants, arising out
of the work performed on the Project:  (1) Schredder v. Kukuiʻula Development
Co. (Hawaii), LLC, Civ. No. 09-1-0045, Circuit Court of the Fifth Circuit, State of
Hawaii ("Schredder Action"); (2) Hawaiian Insurance & Guaranty Co., Ltd. v.
Kukuiʻula Development Co. (Hawaii), LLC, Civ. No. 09-1-0046, Circuit Court of
the Fifth Circuit, State of Hawaii ("HIG Action"); and (3) Ass'n of Apartment
Owners of Lawai Beach Resort v. Kukuiʻula Development Co. (Hawaii), LLC,
Civ. No. 09-1-0109, Circuit Court of the Fifth Circuit, State of Hawaii ("AOAO
Action") (collectively "underlying actions").

        In the Schredder Action, the plaintiffs ("Schredders") filed their
complaint on February 12, 2009, which they amended on March 15, 2010.
(Id. at 2; Mot. Ex. A ("Schredders' Am. Compl.").)  The amended complaint
alleges that in 2007, Defendants commenced construction of the Project, which
was "across the street and directly upwind from [the Schredders'] residence."
(Schredders' Am. Compl. ¶¶ 11, 12.)  The amended complaint alleges that

3

Defendants' construction activities included, but were not limited to:

> the detonation of large quantities of dynamite to implode lava tubes below the surface area of their property; the grading, excavation, and relocation of massive amounts of earth to artificially elevate home sites; the [use] of noise generating heavy equipment for grading and excavation resulting in dust clouds 40-50 feet high; the indiscriminate use of diesel fuel to operate said heavy equipment thereby generating toxic fumes; and the application of pesticides and other poisons thereby contaminating soil and water and resulting in an exodus of rats and other rodents from Defendants' property into [the Schredders'] home.

(Id. ¶ 13.)  The amended complaint alleges that as a result of Defendants' construction activities, "[the Schredders] and their home were assaulted by dust, noise, dynamite blasts, toxic fumes, dirt, rats and rodents, and other offensive nuisances such that [the Schredders] were physically and emotionally injured, and their home was physically damaged."  (Id. ¶ 14.)  The amended complaint asserts that Defendants' "acts and/or omissions . . . constitute negligence, trespass, nuisance, negligent and/or intentional infliction of emotional distress, and willful misconduct or an entire want of care which would raise to the presumption of a conscious indifference to consequences, or a conscious disregard of [the Schredders'] safety (gross negligence)."  (Id. ¶ 19.)  The amended complaint seeks, among other things, special, general, and punitive damages in amounts to be determined at trial.  (Schredders' Am. Compl. Prayer for Relief ¶¶ 2-4.)

The same day the Schredders filed their original complaint, Hawaiian

Insurance and Guaranty Company, Limited ("HIG") filed the HIG Action. (Mem.

in Supp. of Mot. at 4.) HIG amended its complaint on November 17, 2010.

(Gemini Ins. Co.'s ("Gemini") Opp'n Ex. 2 ("HIG's Am. Compl.").) The amended

complaint alleges that, at all times relevant, the Schredders' property was insured

under a policy issued by HIG. (HIG's Am. Compl. ¶ 10.) The amended complaint

alleges that the Schredders' property is located across from the Project, and the

construction of the Project "created an enormous amount of noise, dirt, dust, toxic

fumes and pests, which 'blanketed' [the Schredders'] property." (Id. ¶ 11.) The

amended complaint alleges that "[a]s a result of [the] noise, dirt, dust, toxic fumes

and pests caused by the construction of the [Project], [the Schredders'] property

has been significantly damaged and was uninhabitable." (Id. ¶ 12.) The amended

complaint alleges that HIG issued payments to the Schredders for expenses

associated with the damage to their property and loss of use of their property. (Id.

¶¶ 13, 14.) The amended complaint asserts that HIG "has a contractual and

equitable right to subrogation pursuant to [its] policy . . . ." (Id. ¶ 10.) The

amended complaint asserts causes of action for negligence, gross negligence,

nuisance, trespass, and loss of quiet enjoyment. (Id. ¶¶ 17-37.) The amended

complaint seeks to recover payments made to the Schredders, as well as punitive

damages. (HIG's Am. Compl. Prayer for Relief ¶¶ 1, 4.)

On April 30, 2009, the Association of Apartment Owners of Lawai Beach Resort, the Association of Apartment Owners of Lika Lani, the Lika Lani Time Share Owners Association, and the Lawai Beach Resort Time Share Owners Association filed the <u>AOAO</u> Action. (Mem. in Supp. of Mot. at 4; Mot. Ex. C; Gemini's Opp'n at 6-7.) At the hearing on Defendants' Motion for Stay, counsel informed the Court that a tentative settlement has ben reached in this action.

In addition to the underlying actions, Patti Erickson ("Erickson") presented a claim to KDC for alleged damage to her property caused by work performed on the Project ("Erickson claim"). (Mem. in Supp. of Mot. at 5; Gemini's Opp'n at 7-8.) Erickson has not filed suit. (Mem. in Supp. of Mot. at 5; Gemini's Opp'n at 8.)

II.     <u>The Insurance Policies</u>

A.     <u>The Gemini Policy</u>

Plaintiff/Counterclaim-Defendant Gemini Insurance Company ("Gemini") issued a Commercial General Liability insurance policy to Defendants for the period of September 23, 2005 to September 23, 2008 ("Gemini Policy"). (Gemini's Am. Compl. Ex. 6 at 1-2; Gemini's Opp'n at 8.) The policy provides in pertinent part:

> [Gemini] will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. [Gemini] will have the right and duty to defend the insured against any "suit" seeking those damages. However, [Gemini] will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

(Gemini's Am. Compl. Ex. 6 at 3.) The policy further provides, "This insurance applies to 'bodily injury' and 'property damage' only if . . . [t]he 'bodily injury' or 'property damage' is caused by an 'occurrence' that takes place in the 'coverage territory' . . . ." (Id.) The policy defines an "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." (Id. at 16.)

The Gemini Policy contains several exclusions, the following of which are relevant to this case: (1) the "expected or intended injury" exclusion; (2) the "pollution" exclusion; and (3) the "punitive damage" exclusion. The "expected or intended injury" exclusion provides that the policy does not apply to "'[b]odily injury' or 'property damage' expected or intended from the standpoint of the insured." (Id. at 4.)

The "pollution" exclusion provides that the policy does not apply to:

> "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

. . .

> (d)  At or from any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations if the "pollutants" are brought on or to the premises, site or location in connection with such operations by such insured, contractor or subcontractor.

(Id. at 5.)  The policy defines "pollutants" as "any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste."  (Id. at 17.)

The "punitive damage" exclusion provides that the policy "does not apply to punitive or exemplary damages awarded against the [i]nsured."  (Id. at 31.)

Finally, the Gemini Policy contains the following provision regarding "other insurance":

> Other Insurance
>
> If other valid and collectible insurance is available to the insured for a loss we cover . . . , our obligations are limited as follows:
>
> a.  Primary Insurance
>
> This insurance is primary except when b. below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. . . .

b. Excess Insurance

This insurance is excess over:

(1) Any of the other insurance, whether primary, excess, contingent or on any other basis:

(a) That is Fire, Extended Coverage, Builder's Risk, Installation Risk or similar coverage for "your work";

(b) That is Fire insurance for premises rented to you or temporarily occupied by you with permission of the owner;

(c) That is insurance purchased by you to cover your liability as a tenant for "property damage" to premises rented to you or temporarily occupied by you with permission of the owner; or

(d) If the loss arises out of the maintenance or use of aircraft, "autos" or watercraft . . . .

(2) Any other primary insurance available to you covering liability for damages arising out of the premises or operations for which you have been added as an additional insured by attachment of an endorsement.

When this insurance is excess, we will have no duty . . . to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit." If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

(Id. at 13-14.)

B. The Indian Harbor Policy

9

Third-Party Defendant Indian Harbor Insurance Company ("Indian

Harbor") issued a Pollution and Remediation Legal Liability insurance policy

("Indian Harbor Policy") for the period of December 31, 2003 to

December 31, 2013. (Defs.' Third-Party Compl. Ex. A at 1.) The policy provides,

in pertinent part:

> [Indian Harbor] will pay on behalf of the INSURED for
> LOSS from POLLUTION CONDITIONS on, at, under or
> emanating from the location(s) stated in the Pollution Legal
> Liability Schedule, which the INSURED has or will become
> legally obligated to pay as a result of a CLAIM first made
> against the INSURED during the POLICY PERIOD, provided
> that the INSURED reports the CLAIM to [Indian Harbor], in
> writing, during the POLICY PERIOD or, if applicable, the
> Automatic or Optional Extended Reporting Period.

(Id. at 3.) The policy further provides:

> [Indian Harbor] will pay on behalf of the INSURED for
> LEGAL DEFENSE EXPENSE to defend a CLAIM for LOSS
> or for REMEDIATION EXPENSE under Coverage A--
> POLLUTION LEGAL LIABILITY, . . . to which this Policy
> applies. [Indian Harbor] shall have the right and the duty to
> defend the INSURED against any CLAIM seeking damages for
> a LOSS, or for REMEDIATION EXPENSE. [Indian Harbor]
> will have no duty to defend the INSURED against any CLAIM
> for LOSS or for REMEDIATION EXPENSE to which this
> Policy does not apply.

(Id. at 4.)

The Indian Harbor Policy also contains a provision regarding "other

insurance":

**OTHER INSURANCE**--Subject to Section VI., Limits of Liability and Retention, this insurance shall be in excess of the Retention Amount stated in the Declarations and any other valid and collectible insurance available to the INSURED, whether such other insurance is stated to be primary, pro rata, contributory, excess, contingent or otherwise, unless such other insurance is written only as specific excess insurance over the limits of liability provided in this Policy.

(Id. at 13.)

III.    This Action

Defendants tendered the underlying actions and the Erickson claim to Gemini pursuant to the Gemini Policy. (Gemini's Opp'n at 9; Mem. in Supp. of Mot. at 5.) Gemini agreed to defend Defendants in the underlying actions subject to a reservation of rights. (See Gemini's Am. Compl. ¶ 38.)

On November 3, 2010, Gemini filed its complaint in this action, which it amended on March 7, 2011. (Docs. ## 1, 25.) The amended complaint seeks a declaration that there is no coverage under the Gemini Policy and therefore, Gemini does not have a duty to defend or indemnify Defendants with respect to the underlying actions and the Erickson claim. (Gemini's Am. Compl. Prayer for Relief A.) Specifically, the amended complaint alleges that: (1) there was no "bodily injury" or "property damage"; (2) there was no "occurrence"; (3) the "expected or intended injury" exclusion applies; (4) the "pollution" exclusion applies; and (5) the "punitive damage" exclusion applies. (Gemini's Am. Compl.

¶¶ 47, 96.)

Defendants answered the amended complaint and filed a counterclaim against Gemini.  (Doc. # 33.)  Defendants also filed third-party complaint against Indian Harbor, seeking, among other things, a declaration that Indian Harbor has a duty to defend and indemnify Defendants with respect to the underlying actions, and a determination that Indian Harbor breached the implied covenant of good faith and fair dealing.  (<u>See</u> Defs.' Third-Party Compl. ¶¶ 20, 27, 40.)

Indian Harbor answered the third-party complaint and filed a counterclaim against Defendants and Gemini.  (Doc. # 39.)  The counterclaim asserts that Indian Harbor has no duty to defend or indemnify Defendants because the Indian Harbor Policy "provides only excess insurance by virtue of its 'other insurance' clause . . . ."  (Indian Harbor's Countercl. ¶¶ 16, 21.)

On May 11, 2011, Defendants moved to stay the case pending the resolution of the underlying actions.  (<u>See</u> Mem. in Supp. of Mot. at 1.)

On July 1, 2011, Indian Harbor filed a Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment against Defendants and Gemini ("MSJ").  (Doc. # 54.)  The MSJ contends that:  (1) Gemini has a duty to defend Defendants; (2) Indian Harbor does not have a duty to defend Defendants because the Indian Harbor Policy is excess to the Gemini Policy; (3) Indian Harbor is not

liable to Defendants for breach of the implied covenant of good faith and fair dealing; and (4) Indian Harbor has no obligation to two Defendants because they are not "insureds" under the Indian Harbor Policy. (Indian Harbor's MSJ at 2-3.)

On July 5, 2011, Gemini filed a Motion for Partial Summary Judgment against Defendants ("MPSJ"). (Doc. # 59.) The MPSJ asserts that Gemini has no duty to defend or indemnify Defendants with respect to the underlying actions and the Erickson claim because the damages alleged were caused by "pollutants" as defined by the Gemini Policy, and therefore coverage is barred by the policy's "pollution" exclusion. (Gemini's Mem. in Supp. of MPSJ at 2, 13, 19, 22.)

IV.  Defendants' Motion for Stay

In the instant motion, Defendants request the Court to stay this case pending the resolution of the underlying actions. (See Mem. in Supp. of Mot. at 1.) Defendants argue that proceeding with this case would force them to concede liability to attain coverage, while at the same time, disclaiming liability in the underlying actions. (Mot. at 1-2.) Defendants also argue that proceeding with this case may result in inconsistent rulings by this Court and the state court as to their liability, and would require them to engage in a two-front war. (Id.)

Gemini opposes the motion, arguing that Defendants do not have to

concede liability to establish coverage.  (Gemini's Opp'n at 14-23.)  Gemini argues that a determination as to coverage requires only a comparison of the allegations contained in the underlying complaints to the language of the policies.  (Id. at 1-2.) Gemini thus argues that the Court need not consider the issues in dispute in the underlying actions.  (See id. at 1-2, 14-21.)

Indian Harbor opposes a stay only with respect to its MSJ.  (Indian Harbor's Opp'n at 1-3.)  Indian Harbor argues that the resolution of its MSJ will also not require the Court to consider any issues in dispute in the underlying actions.  (Id. at 1-2.)

## DISCUSSION

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  Landis v. N. Am. Co., 299 U.S. 248, 254 (1936); see also Leyva v. Certified Grocers of Cal., Ltd., 593 F.2d 857, 864 (9th Cir. 1979) ("[T]he court may order a stay of [an] action pursuant to its power to control its docket and calendar and to provide for a just determination of the cases pending before it.").  In addition, "the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants."  Wilton v. Seven Falls Co., 515

U.S. 277, 286 (1995).  The Supreme Court noted:

> Consistent with the nonobligatory nature of the remedy, a
> district court is authorized, in the sound exercise of its
> discretion, to stay or to dismiss an action seeking a declaratory
> judgment before trial or after all arguments have drawn to a
> close.  In the declaratory judgment context, the normal principle
> that federal courts should adjudicate claims within their
> jurisdiction yields to considerations of practicality and wise
> judicial administration.

Id. at 288 (footnote omitted).

This discretion, however, is not unfettered.  Gov't Emps. Ins. Co. v.

Dizol, 133 F.3d 1220, 1223 (9th Cir. 1998).  This Court and other courts within the

Ninth Circuit have applied the factors articulated in Brillhart v. Excess Insurance

Co. of America, 316 U.S. 491 (1942), and its progeny in determining whether to

stay an insurance coverage action pending the resolution of the underlying state

tort action.  See State Farm Fire & Cas. Co. v. Jenkins, Civ. No. 08-00220 ACK-

LEK, 2009 WL 529083, at *7 (D. Haw. Mar. 23, 2009) (applying Brillhart and its

progeny in denying a motion for stay); John Deere Ins. Co. v. Sanders Oldsmobile-

Cadillac, Inc., No. 1:07cv0010 LJO SMS, 2007 WL 2317150, at *3-5 (E.D. Cal.

Aug. 9, 2007) (applying Brillhart in granting a motion for stay); Allstate Ins. Co. v.

Davis, 430 F. Supp. 2d 1112, 1119-20, 1123 (D. Haw. 2006) (applying Brillhart

and its progeny in deciding to retain jurisdiction over a declartory judgment action

and denying an alternative motion to stay the action pending the resolution of the

underlying state court action); <u>Allstate Ins. Co. v. Gillette</u>, No. C 05-02385 WHA, 2006 WL 997236, at *3-5 (N.D. Cal. Apr. 17, 2006) (applying <u>Brillhart</u> and its progeny in denying a motion for stay).  "The <u>Brillhart</u> factors remain the philosophic touchstone for the district court.  The district court should avoid needless determination of state law issues; it should discourage litigants from filing declaratory actions as a means of forum shopping; and it should avoid duplicative litigation."  <u>Dizol</u>, 133 F.3d at 1225 (citation omitted).  In addition, the Ninth Circuit suggested the following considerations:

> whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a "res judicata" advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems.

<u>Id.</u> at 1225 n.5 (quoting <u>Am. States Ins. Co. v. Kearns</u>, 15 F.3d 142, 145 (9th Cir. 1994) (J. Garth, concurring)) (some quotations marks omitted).  The Ninth Circuit also suggested that district courts might consider "the convenience of the parties, and the availability and relative convenience of other remedies."  <u>Id.</u> (quoting <u>Kearns</u>, 15 F.3d at 145 (J. Garth, concurring)).

The Court addresses the foregoing factors as they relate to Defendants' Motion for Stay.

I.      Needless Determination of State Law Issues

        "This factor is concerned with the determination of state law issues
rather than case-specific factual issues." Jenkins, 2009 WL 529083, at *5; see also
Davis, 430 F. Supp. 2d at 1120 (quoting Nat'l Chiropractic Mut. Ins. Co. v. Doe,
23 F. Supp. 2d 1009, 1118 (D. Alaska 1998)). "When state law is unclear, [a]bsent
a strong countervailing federal interest, the federal court should not elbow its
way . . . to render what may be an uncertain and ephemeral interpretation of state
law." Davis, 430 F. Supp. 2d at 1120 (alteration and ellipsis in original, citation
and quotation marks omitted).

        In this case, the issues involve the interpretation of the Gemini and
Indian Harbor Policies, and hence, the interpretation of the applicable state law.
This Court has, on numerous occasions, interpreted insurance policies pursuant to
state law to determine the scope of an insurer's duties to an insured.
See, e.g., Weight v. USAA Cas. Ins. Co., Civ. No. 10-00603 ACK-BMK, ---
F. Supp. 2d ----, 2011 WL 1103712 (D. Haw. Mar. 22, 2011); Apana v. TIG Ins.
Co., 504 F. Supp. 2d 998 (D. Haw. 2007). The Court therefore concludes that this
factor weighs against a stay.

II.     Forum Shopping

        As to the second factor, this Court noted:

A party is typically understood to be forum shopping for filing a federal court declaratory action to see if it might fare better in federal court at the same time the insurer is engaged in a state court action. Courts have defined improper forum shopping to encompass situations where the action is "reactive" or "defensive" in that the insurer files a claim in federal court after it has already been sued in state court by either the injured third party or the insured.

Jenkins, 2009 WL 529083, at *6 (quoting Davis, 430 F. Supp. 2d at 1120-21) (internal citations and some quotation marks omitted).

In this case, there is no indication that Gemini was forum shopping when it filed the instant action in federal court. Gemini is not a party in the underlying actions and it is unlikely that it could be joined therein. See Davis, 430 F. Supp. 2d at 1121 ("Hawaii law disfavors the joinder of an insurer in a third-party tort action absent some contractual or statutory provision."). Indian Harbor is also not a party in the underlying actions, and it was brought into this action because Defendants filed a third-party complaint against it. (See Doc. # 34.) Accordingly, the Court concludes that this factor weighs against a stay.

III.   Duplicative Litigation

Insofar as Gemini and Indian Harbor are not parties in the underlying actions, the state court will not consider the scope of their duties to Defendants. Nevertheless, this Court has noted that duplicative litigation may be a concern if determining Gemini's and Indian Harbor's duties to Defendants would require the

determination of issues that the state court will address in the underlying actions. See Jenkins, 2009 WL 529083, at *6; Davis, 430 F. Supp. 2d at 1121.  The Court therefore addresses the duplicative litigation factor separately for each issue in this case.

      A.    The duty to defend

      Gemini and Indian Harbor oppose staying litigation as to their duty to defend.  (See Gemini's Opp'n at 1-2; Indian Harbor's Opp'n at 4.)  Under Hawaii law, which Gemini contends applies to its policy, the duty to defend "is purely contractual and depends, in the first instance, on the language of the particular policy involved."  Dairy Road Partners v. Island Ins. Co., Ltd., 92 Haw. 398, 413, 992 P.2d 93, 108 (2000) (citation and quotation marks omitted).  "[T]he obligation to defend . . . is broader than the duty to pay claims and arises wherever there is the mere potential for coverage."  Id. at 412, 992 P.2d at 107 (quoting Sentinel Ins. Co. Ltd. v. First Ins. Co. of Haw., Ltd., 76 Haw. 217, 287, 875 P.2d 894, 904 (1994)) (alteration and ellipsis in original, emphasis and quotation marks omitted). "[W]here a suit raises a potential for indemnification liability of the insurer to the insured, the insurer has a duty to accept the defense of the entire suit even though other claims of the complaint fall outside the policy's coverage."  Hawaiian Holiday Macadamia Nut Co., Inc. v. Indus. Indem. Co., 76 Haw. 166, 169,

872 P.2d 230, 233 (1994) (citation and quotation marks omitted). Because Hawaii

follows the "complaint allegation rule," <u>Weight</u>, 2011 WL 1103712, at *4 (citation

and quotation marks omitted), the duty to defend is "limited to situations where the

pleadings have alleged claims for relief which fall within the terms for coverage of

the insurance contract," <u>Hawaiian Holiday Macadamia Nut Co., Inc.</u>, 76 Haw. at

169, 872 P.2d at 233. "Where [the] pleadings fail to allege any basis for recovery

within the coverage clause, the insurer has no obligation to defend." <u>Id.</u> (citation

and quotation marks omitted). "The insurer may only use facts extrinsic to the

complaint in the underlying action to disclaim its duty to defend if it can show that

'none of the facts upon which it relies might be resolved differently in the

underlying lawsuit.'" <u>Jenkins</u>, 2009 WL 529083, at *6 (quoting <u>Dairy Road</u>

<u>Partners</u>, 92 Haw. at 422, 992 P.2d at 117).

      Similarly, under New York law, which Indian Harbor contends

applies to its policy, the duty to defend is "'exceedingly broad' and an insurer will

be called upon to provide a defense whenever the allegations of the complaint

'suggest . . . a reasonable possibility of coverage.'" <u>Auto. Ins. Co. of Hartford v.</u>

<u>Cook</u>, 7 N.Y.3d 131, 137 (N.Y. 2006) (quoting <u>Cont'l Cas. Co. v. Rapid-Am.</u>

<u>Corp.</u>, 80 N.Y.2d 640, 648 (N.Y. 1993)) (ellipses in original). The duty to defend

"remains 'even though facts outside the four corners of [the] pleadings indicate that

the claim may be meritless or not covered.'" Id. (quoting Fitzpatrick v. Am.

Honda Motor Co., Inc., 78 N.Y.2d 61, 63 (N.Y. 1991)) (alteration in original).

        In this case, Gemini and Indian Harbor rely on the allegations of the

underlying complaints and the languages of their policies to disclaim their duty to

defend.  As such, resolution of the duty to defend will not involve issues that the

state court will address in the underlying actions.  Accordingly, duplicative

litigation is not a concern as to this issue.

        B.    The duty to indemnify

        Only Gemini opposes staying litigation with respect to the duty to

indemnify.  (See Gemini's Opp'n at 2; Indian Harbor's Opp'n at 2.)  This Court

noted that under Hawaii law, the duty to defend is broader than the duty to

indemnify.  Jenkins, 2009 WL 529083, at *7 (citing Oahu Transit Servs., Inc. v.

Northfield Ins. Co., 107 Haw. 231, 239, 112 P.3d 717, 725 (2005)).  Thus, this

Court noted that if the district judge rules that the insurer does not have a duty to

defend, the district judge will also likely rule that the insurer does not have a duty

to indemnify.  Id.  This Court noted that if the district judge, however, concludes

that there is a duty to defend, resolving the duty to indemnify may involve issues

that the state court will address.  Id.

        In this case, the Court concludes that, at the present time, duplicative

litigation should not be a concern if the Court proceeds with Gemini's duty to indemnify. Gemini has pending before the Court, its MPSJ. (Doc. # 59.) The MPSJ argues that Gemini does not have a duty to indemnify Defendants pursuant to its policy's "pollution" exclusion. (See Gemini's Mem. in Supp. of MPSJ at 22.) This Court noted that under Hawaii law, the standard on a motion for summary judgment as to an insurer's duty to indemnify is as follows:

> With respect to an insurer's prayer for a declaration that it has no duty to indemnify the insured pursuant to the policy, it is not required to disprove any possibility that its insured might be liable for a claim asserted in the underlying lawsuits. Rather, without reference to what the eventual outcome of the underlying lawsuits might actually be, the insurer is required only to establish the absence of a genuine issue of material fact regarding the question of coverage pursuant to the plain language of the insurance policy and the consequent entitlement to the entry of judgment as a matter of law.

Apana, 504 F. Supp. 2d at 1004 (quoting Tri-S Corp. v. W. World Ins. Co., 110 Haw. 473, 488, 135 P.3d 82, 97 (2006)). Based on the foregoing, the Court's determination as to whether the Gemini Policy's "pollution" exclusion precludes coverage in this case should not hinge on issues that the state court will address in the underlying actions. The Court, however, recognizes that this may change as this case and the underlying actions progress.

C.   The implied covenant of good faith and fair dealing

As noted above, Indian Harbor opposes a stay only with respect to the

resolution of its MSJ. (Indian Harbor's Opp'n at 1-3.) The MSJ seeks a determination not only as to Indian Harbor's duty to defend, but also as to any claim against it by Defendants for breach of the implied covenant of good faith and fair dealing. (Indian Harbor's Mem. in Supp. of MSJ at 26-28.) Indian Harbor argues that the resolution of such a claim does not require a determination of any issues in dispute in the underlying actions. (Indian Harbor's Opp'n at 6-8.)

The Court concludes that proceeding with the MSJ as to this claim should not involve duplicative litigation. Indian Harbor is not a party in the underlying actions and thus, the state court has no reason to consider whether Defendants have a cause of action against it based on the implied covenant of good faith and fair dealing.

D. <u>Whether two Defendants are insureds under the Indian Harbor Policy</u>

The MSJ also seeks a determination as to whether Indian Harbor has any obligation to Defendants DMB Associates (Hawaii), Inc. ("DMB Associates") and A&B Properties, Inc. ("A&B Properties"). (Indian Harbor's Mem. in Supp. of MSJ at 28-29.) The MSJ argues that Indian Harbor has no obligation to these Defendants because they are not "insureds" under the Indian Harbor Policy. (<u>Id.</u>)

The Indian Harbor Policy defines "insured" as follows:

> INSURED means the FIRST NAMED INSURED, any
> Additional INSURED and any Additional Named INSURED

23

> endorsed onto the Policy, and any present or former director,
> officer, partner, employee, LEASED WORKER or
> TEMPORARY WORKER thereof while acting within the
> scope of his/her duties as such.

(Defs.' Third-Party Compl. Ex. A at 5.)  Based on the foregoing, determining

whether DMB Associates and A&B Properties are "insureds" under the Indian

Harbor Policy will not require the consideration of any issues in dispute in the

underlying actions.  Accordingly, duplicative litigation is not a concern here.

IV.    Other Factors

Turning to the factors suggested by the Ninth Circuit, although this

case will not settle the issues in the underlying actions, it will serve a useful

purpose in clarifying the legal obligations between the parties.  See Davis,

430 F. Supp. 2d at 1122 ("Where an insurer disputes its coverage obligations with

regard to a third party's claim against the insured, declaratory relief is appropriate

to clarify the legal relationship between the parties.").  Insofar as Gemini is not a

party in the underlying actions, there is no evidence that Gemini brought this case

merely for the purposes of procedural fencing or to obtain a "res judicata"

advantage.  Additionally, there is no significant risk of entanglement between the

federal and state court systems because the issues in this case are sufficiently

distinct from the issues in the underlying actions.  Finally, although the Court

acknowledges that it would be inconvenient for Defendants to litigate the instant

case and the underlying actions, the Court also acknowledges that it would be inconvenient for Gemini and Indian Harbor to continue to face uncertainty as to their duties, if any, to Defendants.

V.    Summary of the Factors

Based on the foregoing, the Court concludes that the majority of the factors weigh against granting Defendants' Motion for Stay. The Court therefore denies Defendants' Motion for Stay. This denial, however, is without prejudice to a future motion for stay, which Defendants may bring as this case and the underlying actions progress.

CONCLUSION

For the reasons stated above, Defendants' Motion for Stay is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.



 /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Gemini Insurance Co. v. Kukui'ula Development Co. (Hawaii), LLC, et al.; Civ. No. 10-00637 LEK-BMK; ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION FOR STAY.

25