IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| GEMINI INSURANCE COMPANY, | ) | CIVIL NO. 10-00637 LEK-BMK |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| KUKUI`ULA DEVELOPMENT COMPANY (HAWAII), LLC; DMB KUKUI`ULA, LLC; KDC, LLC; DMB ASSOCIATES (HAWAII), INC.; and A & B PROPERTIES, INC., et al., | ) | FILED IN THE UNITED STATES DISTRICT COURT DISTRICT OF HAWAII MAY 31 2012 at 5 o'clock and 30 min. P M. SUE BEITIA, CLERK |
| Defendants. | ) | |

# ORDER DENYING INDIAN HARBOR INSURANCE COMPANY'S MOTION FOR RECONSIDERATION OF THE COURT'S FEBRUARY 29, 2012 ORDER ON INDIAN HARBOR'S MOTION FOR (PARTIAL) SUMMARY JUDGMENT

Before the Court is Indian Harbor Insurance Company's ("Indian Harbor") Motion for Reconsideration of the Court's February 29, 2012 Order on Indian Harbor's Motion for (Partial) Summary Judgment ("Motion for Reconsideration"), filed on March 14, 2012. Gemini Insurance Company ("Gemini") filed its memorandum in opposition on April 4, 2012, and Kukui`ula Development Company (Hawaii), LLC; DMB Kukui`ula, LLC; KDC, LLC; DMB Associates (Hawaii), and A&B Properties, Inc. (collectively "KDC") filed their memorandum in opposition on April 4, 2012. Indian Harbor filed its reply on April 25, 2012. The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local

Rules"). After careful consideration of the Motion for Reconsideration, supporting and opposing memoranda, and the relevant legal authority, Indian Harbor's Motion for Reconsideration is HEREBY DENIED for the reasons set forth below.

## BACKGROUND

Indian Harbor seeks reconsideration of the Court's February 29, 2012 Order Granting in Part and Denying in Part Indian Harbor Insurance Company's Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment Against KDC and Gemini Insurance Company; and Denying Plaintiff Gemini Insurance Company's Motion for Partial Summary Judgment ("Order").[1] The parties and the Court are familiar with the factual and procedural background of this case. The Court therefore will only discuss the background that is relevant to the instant Motion for Reconsideration.

On July 1, 2011, Indian Harbor filed its Motion for Summary Judgment, or in the Alternative, Partial Summary Judgment Against KDC and Gemini Insurance Company ("Motion for Summary Judgment") on the grounds that:

> (1) Indian Harbor has no current duty to defend KDC in the underlying lawsuits because, by virtue of its "other insurance" clause, it is excess to the Gemini policy,[2] which has a current duty to

---

[1] The Order is available at 2012 WL 668821.

[2] KDC purchased a Commercial General Liability ("CGL")
(continued...)

> defend; (2) as a matter of law, Indian Harbor is
> not liable for breach of the implied covenant of
> good faith and fair dealing with respect to the
> underlying lawsuits; (3) Indian Harbor has no
> obligation whatsoever to DMB Associates (Hawaii),
> Inc. and A&B Properties, Inc. because they are not
> insured under the policy, so their claims against
> Indian Harbor should be dismissed as a matter of
> law; and (4) Gemini has a duty to defend KDC in
> each of the underlying lawsuits, and Indian Harbor
> therefore is entitled to partial summary judgment
> on this issue for each underlying lawsuit.

[Motion for Summary Judgment (dkt. no. 54) at 2-3.]

In the Order, this Court granted in part and denied in part Indian Harbor's Motion for Summary Judgment. The Court first determined that New York law governed the interpretation of the Pollution Legal Liability policy that KDC purchased from Indian Harbor ("Indian Harbor Policy"). Order, 2012 WL 668821, at *14.

As to Indian Harbor's first claim regarding its duty to defend the KDC entities named in the Indian Harbor Policy, this Court concluded that Indian Harbor had not established as a matter of law that it had no duty to defend based on the "other insurance" clause in the Indian Harbor Policy. Id. at *16. The "other insurance" clause in the Indian Harbor Policy states:

> I. OTHER INSURANCE - Subject to Section VI.,
> Limits of Liability and Retention, this insurance
> shall be in excess of the Retention Amount stated
> in the Declarations and any other valid and

---

[2](...continued)
policy from Gemini for September 23, 2005 to September 23, 2008 ("Gemini Policy"). Order, 2012 WL 668821, at *1.

> collectible insurance available to the INSURED,
> whether such other insurance is stated to be
> primary, pro rata, contributory, excess,
> contingent or otherwise, unless such other
> insurance is written only as specific excess
> insurance over the limits of liability provided in
> this Policy.

Id. at *3 (quoting Indian Harbor Policy at 11). In the Order, this Court noted that:

> "An 'other insurance' clause "limit[s] an insurer's liability where other insurance <u>may cover the same loss</u>[.]" <u>Sport Rock Int'l, Inc. v. Am. Cas. Co. of Reading, PA</u>, 878 N.Y.S.2d 339, 344 (2009) (citing 15 <u>Couch on Insurance</u> 3d § 219:1) (emphasis added). Here, the parties dispute whether the policies cover the same claims. On the current record, it appears the policies do not cover the same risks and do not provide the same level or type of coverage. The allegations in the Underlying Actions may create potential for coverage under the Indian Harbor Policy, while the Gemini policy does not insure pollution claims, but covers the property damage and bodily injury claims alleged in the Underlying Actions not caused by pollution. The Gemini Policy is primary in most respects, but not with respect to pollution conditions. The Indian Harbor Policy is, therefore, not excess with respect to pollution.

Id. at *16 (some citations omitted). Thus, because the Court found that "the Indian Harbor Policy expressly covers what the Gemini Policy excludes[,]" id. at *15, the Court denied the Motion for Summary Judgment with respect to this issue, id. at *16.

As to Indian Harbor's second argument regarding KDC's bad faith claim, the Court denied Indian Harbor's Motion for Summary Judgment, reasoning that

4

> [u]nder either New York or Hawai`i law, Indian
> Harbor has not met its burden on summary judgment
> of establishing that it is not liable for bad
> faith. That is, there is a genuine issue of
> material fact as to whether Indian Harbor's denial
> of KDC's claim was reasonable Hawai`i law, or,
> whether it had presented a "reasonable question"
> or an "arguable basis" for declining to defend
> KDC, or, exhibited a gross disregard for its
> policy obligations under New York law. . . .

Id. at *17.

The Court granted Indian Harbor's Motion for Summary Judgment with respect to its argument that it had no duty to defend the two KDC entities – DMB Associates (Hawaii), Inc. and A&B Properties, Inc. – which were not named as insureds under the Indian Harbor Policy. Id. at *18.

Addressing both Indian Harbor's final argument that Gemini had a duty to defend KDC and Gemini's motion for summary judgment seeking a ruling that it had no duty to defend or indemnify KDC, this Court granted Indian Harbor's Motion for Summary Judgment with respect to Gemini's duty to defend based on the pollution exclusion, but denied it in all other respects. Id. at *18-21.

I. **Indian Harbor's Motion for Reconsideration**

Indian Harbor seeks reconsideration of this ruling pursuant to Local Rule 60.1, based on

> three manifest errors of law, as follows: (1) the
> holding that Indian Harbor did not meet its burden
> to demonstrate that its "other insurance" clause
> makes it excess to the [Gemini] policy for
> purposes of the duty to defend; (2) the holding

5

> that Indian Harbor did not meet its burden to
> demonstrate that it is not liable in bad faith to
> [KDC] for the underlying action; and (3) the
> holding that the Order would not reach the
> complete issue of Gemini's duty to defend.

[Motion for Reconsideration at 2.] Indian Harbor asks the Court to grant its Motion for Reconsideration and, upon reconsideration, grant its Motion for Summary Judgment as to these issues. [Id.]

### A. "Other Insurance" Clause

Indiana Harbor alleges that the Court erred "in finding that both Indian Harbor and Gemini have possible coverage for allegations of damage from red dirt/dust in the underlying actions, yet not then (sic) enforcing Indian Harbor's 'other insurance' clause such that only Gemini has a present duty to defend those actions." [Mem. in Supp. of Motion for Reconsideration at 4.] Indian Harbor relies on Fieldston Property Owners Association, Inc. v. Hermitage Insurance Co., 16 N.Y.3d 257 (2011), which Indian Harbor contends stands for the proposition that "'other insurance' clauses will be applied if both insurers *possibly* both cover – not actually both cover – at least one same allegation[.]" [Mem. in Supp. of Motion for Reconsideration at 5 (emphasis in original).] In the instant case, Indian Harbor argues that Fieldston applies because there is the possibility that both the Gemini Policy and the Indian Harbor Policy cover damage from the red dirt. [Id. at 6.] KDC

6

specifically argued that the Gemini Policy provides actual coverage for the dirt claims and that the Indian Harbor Policy potentially covers the dirt claims. [Id. at 6-7 (citing KDC's Mem. in Opp. to Gemini's Motion for Summary Judgment, filed 11/21/11 (dkt. no. 142), at 14; KDC's Mem. in Opp. to Indian Harbor's Motion for Summary Judgment, filed 11/21/11 (dkt. no. 140), at 15).] Further, Indian Harbor contends that the Court found in its Order that both the Indian Harbor Policy and the Gemini Policy possibly provide coverage for the red dirt claims by holding that "Indian Harbor's policy covers 'pollution conditions' which 'likely includes the alleged . . . toxic dust'" while finding that "Gemini's pollution exclusion does not preclude Gemini's duty to defend the red dirt allegations[.]" [Id. at 7 (citing Order, 2012 WL 668821, at *15, 18-20).]

Indian Harbor further argues that this Court ruled that "Indian Harbor is solely liable for some damages and for that reason its 'other insurance' clause does not apply[,]" and Indian Harbor contends this ruling is inconsistent with Fieldston, which held that, even if the excess insurer had primacy of coverage for some allegations, the primary insurer had to bear the entire defense obligation if the excess insurer and the primary insurer possibly covered the same allegation. [Id. at 8-9 (citing Fieldston, 16 N.Y.3d at 265-66).]

B.   **Indian Harbor's Liability for KDC's Bad Faith Claim**

Indian Harbor alleges that the Court erred in denying summary judgment as to KDC's bad faith claim. The Court determined that a genuine issue of material fact exists regarding the bad faith claim. Indian Harbor, however, contends that the bad faith issue – specifically "[w]hether Indian Harbor had an 'arguable basis' for denying coverage" under New York law, or "whether Indian Harbor was faced with an open question of law or there is a 'reasonable question' as to coverage" under Hawaii law[3] – is a question of law that the Court should decide on summary judgment. [Id. at 10 (citing cases).]

Indian Harbor alleges that it established both an "arguable basis" and a "reasonable question" of law as to the issue whether its pollution liability policy was excess to Gemini's CGL policy, and Indian Harbor's position is supported by multiple authorities. Further, KDC did not establish that there is a triable issue of material fact as to the bad faith claim. Indian Harbor therefore asks the Court to reconsider the issue and to enter summary judgment as to Indian Harbor's liability for KDC's bad faith claim. [Id. at 10-11.]

---

[3] Indian Harbor agrees that New York laws is applicable to the determination of whether it denied KDC's tender of the defense in the underlying actions in bad faith. [Mem. in Supp. of Motion for Reconsideration at 9 n.5.]

8

C.  **Gemini's Duty to Defend**

Indian Harbor alleges that the Court committed a manifest error of law by "failing to adjudicate the complete issue of Gemini's duty to defend." [Id. at 11.] Applying Hawai`i law, Indian Harbor explains that the pleadings are relevant in determining Gemini's duty to defend. [Id. (citing Dairy Road Partners v. Island Ins. Co., Ltd., 92 Haw. 398, 412 (Haw. 2000)).] Indian Harbor alleges that it presented the underlying pleadings, the Gemini Policy, and legal arguments establishing Gemini's duty to defend, which Gemini did not refute by establishing any genuine issues of material fact. Indian Harbor therefore contends that it is entitled to summary judgment on this issue. [Id. at 11-12 (some citations omitted) (citing California Architectural Bldg. Products, Inc. v. Franciscan Ceramics, Inc., 818 F.2d 1466, 1468 (9th Cir. 1987)).]

II. **Gemini's Memorandum in Opposition**

Gemini argues that the Court should deny Indian Harbor's Motion because it fails to "identify new facts not previously available, any new law, or a manifest error of law or fact" in the Court's Order. [Gemini's Mem. in Opp. at 4.]

A.  **"Other Insurance" Clause**

Gemini contends that Indian Harbor's reliance on Fieldston is misplaced. New York law provides that an "other insurance" clause limits coverage in a situation where two

9

insurance companies may cover the same risk. [Id. at 8-9 (citing cases).] Gemini notes that Fieldston held "a directors and officers ('D&O') policy was excess to a commercial general liability ('CGL') policy where a 'possibility' for coverage for injurious falsehood claims existed under both policies[,]" [id. at 8,] but Fieldston did not address the issue of whether the two policies covered the same risk or loss, [id. at 9-10]. According to Gemini, in Fieldston, the court's analysis of the "other insurance" clause and its determination that the D&O policy was excess to the CGL policy was based on an assumption that the two policies covered the same claim. [Id. at 10.]

Because coverage of the underlying claims is still disputed, Gemini argues that this Court must analyze whether the Gemini Policy and the Indian Harbor Policy cover the same risk before applying Indian Harbor's "other insurance" clause. Citing the Order, Gemini asserts that the Court correctly determined that the two policies do not cover the same risk, particularly regarding loss from pollution. [Id. at 11 (citing Order, 2012 WL 668821, at *16).] Thus, this Court correctly determined that Indian Harbor's "other insurance" clause does not apply. [Id.]

B. **Gemini's Duty to Defend**

Gemini argues that Indian Harbor "presents no legitimate grounds for reconsideration" of the issue regarding Gemini's duty to defend KDC. [Id. at 12.] Further, Gemini

points out that it is already defending KDC against the claims in the underlying actions. Gemini speculates that the Court granted Indian Harbor's motion for summary judgment only in part because the Court recognized that "facts and circumstances in the underlying lawsuits may change or that other facts may arise or that material issues of fact may become resolved . . . which could alter Gemini's continuing duty to defend based under the terms of its policy at a later date." [Id. at 13-14 (alteration in original) (footnote omitted).] Additionally, Gemini argues that the Court's Order does not proscribe Gemini from seeking a finding of no coverage under the "pollution exclusion" at trial. [Id. at 14, n.4.]

III. **KDC's Memorandum in Opposition**

KDC argues that Indian Harbor's Motion for Reconsideration raises the same arguments which this Court previously considered by this Court, and the motion relies on the same authority Indian Harbor cited in its original Motion for Summary Judgment. [KDC's Mem. in Opp. at 2-3.]

KDC further contends that the Court correctly determined that the Gemini Policy and the Indian Harbor Policy do not cover the same risk. Consequently, the Court need not analyze the "other insurance" clause. KDC argues that the Indian Harbor Policy is not excess regarding the pollution claims, and

11

Indian Harbor is therefore responsible for providing KDC with a defense for those claims. [Id. at 4-6.]

KDC also alleges that Indian Harbor's Motion distorts the law and the facts of this case. Specifically, Indian Harbor argument implies that the Indian Harbor Policy and the Gemini Policy cover the same risk. KDC disputes this allegation because the Gemini Policy excludes pollution while the Indian Harbor Policy expressly covers pollution. Indian Harbor's arguments also falsely suggest that the parties have agreed that the two policies cover dirt/dust damage. [Id. at 6-8.] Indian Harbor asserts in the Motion for Reconsideration that its policy possibly covers "at least some of the allegations of red dirt damage" while also denying that "red dirt damage" constitutes pollution under its policy. [Id. at 6 (citing Mem. in Supp. of Motion for Reconsideration at 6).] KDC argues that the Gemini Policy and the Indian Harbor Policy cover different risks, and therefore both Gemini and Indian Harbor have a primary duty to defend. [Id. at 9.]

KDC also asserts that the Court correctly denied summary judgment as to KDC's claim that Indian Harbor's denial of KDC's tender of the defense in the underlying actions violated the covenant of good faith and fair dealing because genuine issues of material fact exist. [Id. at 10.] Under its policy, Indian Harbor had to defend and indemnify KDC for damages caused

by pollution; Indian Harbor, however, asserts that it has no duty to defend based on its "other insurance" clause. Indian Harbor contends that its policy was excess even though it did not cover the same loss or risk as the Gemini Policy. According to KDC, Indian Harbor's position is unreasonable, contrary to industry standards and New York law, and in conscious disregard of the specific terms of the "other insurance" provision. [Id. at 11-12.] KDC also argues that Indian Harbor's unreasonable justification for denying KDC's tender of the defense in the underlying actions is a violation of the implied covenant of good faith and fair dealing. KDC agrees with the Order's ruling that there are genuine issues of material fact precluding summary judgment as to the reasonableness of Indian Harbor's position. [Id. at 15-16.]

As to KDC's bad faith claim, KDC urges this Court to reject Indian Harbor's contention that there was an open question of law as to the effect of the "other insurance" provision. KDC argues that, as noted previously, "other insurance" provisions only apply when the policies cover the same risk, and the Indian Harbor Policy and the Gemini Policy do not cover the same risk. [Id. at 16.] KDC contends that, because the policies cover different risks, there is necessarily a question of fact as to the reasonableness of Indian Harbor's refusal to defend and as to

13

Indian Harbor's "failure to conduct a full, fair, thorough and timely investigation of KDC's claim." [Id. at 17.]

IV. **Indian Harbor's Reply**

Indian Harbor's reply essentially reiterates its arguments in the Motion: this Court committed a manifest error of law by failing to follow Fieldston; and this Court erred in ruling that there are genuine issues of material fact precluding summary judgment on KDC's bad faith claim and on the issue of Gemini's duty to defend. Indian Harbor urges this Court to rule that Gemini has the duty to defend KDC in the underlying actions and that Indian Harbor is entitled to summary judgment on KDC's bad faith claim.

In addition, Indian Harbor asks the Court to consider, as newly available evidence, the fact that all of the underlying actions have now been resolved. [Reply at 4 (citing (dkt. no. 234) (noting that underlying actions have been resolved)).]

**DISCUSSION**

"[A] successful motion for reconsideration must accomplish two goals. First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision. Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Donaldson v. Liberty Mut. Ins. Co., 947 F. Supp. 429, 430 (D. Hawai`i 1996); accord Tom v. GMAC

Mortg., LLC, CIV. NO. 10-00653 SOM/BMK, 2011 WL 2712958, at *1 (D. Hawai`i July 12, 2011) (citations omitted). This district court recognizes three grounds for granting reconsideration of an order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Hawai`i 2006) (citing Mustafa v. Clark County Sch. Dist., 157 F.3d 1169, 1178-79 (9th Cir. 1998)). "Whether or not to grant reconsideration[,]" however, "is committed to the sound discretion of the court." Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 883 (9th Cir. 2000)).

I.  **"Other Insurance" Clause**

The crux of Indian Harbor's Motion for Reconsideration as to the "other insurance" clause is that this Court failed to follow controlling precedent in Fieldston. This Court, however, clearly considered Fieldston in deciding Indian Harbor's Motion for Summary Judgment, and the Order discusses Fieldston extensively in the analysis of the "other insurance" clause. Indian Harbor essentially bases its Motion for Reconsideration on its disagreement with this Court's interpretation of Fieldston. This district court has recognized that "[m]ere disagreement with a previous order is an insufficient basis for reconsideration."

15

White, 424 F. Supp. 2d at 1274 (citing Leong v. Hilton Hotels Corp., 689 F. Supp. 1572 (D. Haw. 1988)).

This Court therefore FINDS that Indian Harbor has not presented any grounds warranting reconsideration of the Order's ruling regarding the "other insurance" clause.

## II. Bad Faith Claim & Gemini's Duty to Defend

As to KDC's bad faith claim and the issue of Gemini's duty to defend, Indian Harbor again seeks to re-litigate issues that the parties fully briefed, and this Court considered, in conjunction with Indian Harbor's Motion for Summary Judgment. As previously stated, Indian Harbor's mere disagreement with the Order is not sufficient grounds for reconsideration. See id.

In addition to reiterating arguments previously raised in conjunction with the Motion for Summary Judgment, Indian Harbor contends that this Court should consider, as newly available evidence, the resolution of all of the underlying actions. Although the resolutions may ultimately be relevant to the determination of the issues of bad faith and Gemini's duty to defense, KDC's counsel did not inform the district court about the resolutions until over a month after the filing of the Order, and there is no information before this Court about the details of those resolutions. Under these circumstances, the effect of the resolutions of the underlying actions is more appropriately addressed in the multiple motions for summary judgment that are

still pending before this Court,[4] rather than in the instant Motion for Reconsideration.

This Court therefore FINDS that Indian Harbor has not presented any grounds warranting reconsideration of the Order's rulings on the issues of bad faith and Gemini's duty to defend.

Finally, the Court notes that the Order's ruling as to each of the issues addressed in the instant Motion for Reconsideration was based in part on the state of the record before the Court at the time it issued the Order. Thus, nothing in either the Order or in the instant denial of the Motion for Reconsideration prevents Indian Harbor from subsequently seeking summary judgment on these issues based on a more developed record.

## CONCLUSION

On the basis of the foregoing, Indian Harbor's Motion for Reconsideration of the Court's February 29, 2012 Order on Indian Harbor's Motion for (Partial) Summary Judgment, filed March 14, 2012, is HEREBY DENIED.

IT IS SO ORDERED.

---

[4] The Court notes that, on June 4, 2012, it will hold a hearing on: KDC's three motions for partial summary judgment; Certain Underwriters at Lloyds' motion for summary judgment; Gemini's motion for summary judgment; and Indian Harbor's three counter-motions for summary judgment.

DATED AT HONOLULU, HAWAII, May 31, 2012.

/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

GEMINI INS. CO. V. KUKUI`ULA DEVELOPMENT CO., ET AL; CIVIL NO. 10-00637 LEK-BMK; ORDER DENYING INDIAN HARBOR INSURANCE COMPANY'S MOTION FOR RECONSIDERATION OF THE COURT'S FEBRUARY 29, 2012 ORDER ON INDIAN HARBOR'S MOTION FOR (PARTIAL) SUMMARY JUDGMENT