IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| GEMINI INSURANCE COMPANY, | ) | CIVIL NO. 10-00637 LEK-BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| KUKUI`ULA DEVELOPMENT COMPANY | ) | |
| (HAWAII), LLC; DMB KUKUI`ULA, | ) | |
| LLC; KDC, LLC; DMB ASSOCIATES | ) | |
| (HAWAII), INC.; and A & B | ) | |
| PROPERTIES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DENYING ADDITIONAL DEFENDANTS CERTAIN
UNDERWRITERS AT LLOYD'S MOTION FOR RECONSIDERATION**

Before the Court is Additional Defendants Certain Underwriters at Lloyd's ("Underwriters") Motion for Reconsideration ("Motion"), filed on July 13, 2012. Defendants Kukui'ula Development Company (Hawaii), LLC, DMB Kukui'ula, LLC, KDC, LLC, DMB Associates (Hawaii), Inc., and A&B Properties, Inc. (collectively, "KDC"), and Plaintiff Gemini Insurance Company ("Gemini") filed their memoranda in opposition on July 27, 2012, and Underwriters filed their reply on August 10, 2012. The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority,

Underwriters' Motion is HEREBY DENIED for the reasons set forth below.

## BACKGROUND

Underwriters seek reconsideration of the Court's Order (1) Granting in Part and Denying in Part Gemini Insurance Company's Motion for Summary Judgment Against Indian Harbor Insurance Company and Certain Underwriters at Lloyds and (2) Denying Additional Defendants Certain Underwriters at Lloyd's Motion For Summary Judgment ("Order"), filed June 29, 2012 [dkt. no. 274]. The parties and the Court are familiar with the extensive factual and procedural background of this case. The Court therefore will only discuss the background that is relevant to the instant Motion.

In the Order, the Court disposed of several motions for summary judgment regarding the various insurers' duties to defend KDC in several state court lawsuits.[1] At issue in the current Motion are the following rulings relating to KDC's claims against the insurers for bad faith and contribution among the insurers:

---

[1] In 2009, three lawsuits were filed against KDC in the Circuit Court of the Fifth Circuit, State of Hawai'i, asserting claims arising out of construction work performed by KDC: (1) Schredder, et al. v. Kukui'ula Development Co. (Hawaii), LLC, et al., Civ. No. 09-1-0045 (the "Schredder Action"); (2) Hawaiian Insurance & Guaranty Co., Ltd. v. Kukui'ula Development Co. (Hawaii), LLC, et al., Civ. No. 09-1-0046 (the "HIGC Action"); and (3) Association of Apartment Owners of Lawai Beach Resort, et al. v. Kukui'ula Development Co. (Hawaii), LLC, et al., Civ. No. 09-1-0109 (the "AOAO Action") (collectively, the "Underlying Actions").

**E. KDC's Bad Faith Claim against Underwriters**

Underwriters also seeks summary judgment on KDC's claim for bad faith. As the Hawai'i Supreme Court stated in Miller v. Hartford Life Insurance Co., 126 Hawai'i 165, 178, 268 P.3d 418, 431 (2011):

> The burden of proof for bad faith liability is not insubstantial. As we stated in Best Place [v. Penn America Insurance Co., 82 Hawai'i 120, 920 P.2d 334 (1996)], an insurer's conduct that is based on an interpretation of the insurance contract that is reasonable does not constitute bad faith; moreover, an erroneous decision not to pay a claim for benefits due under a policy does not by itself prove liability. Rather, the decision not to pay a claim must be in "bad faith" in order to prove liability.

See also Enoka v. AIG Hawaii Ins. Co., 109 Hawai'i 537, 552, 128 P.3d 850, 865 (2006) ("where an insurer denies the payment of no-fault benefits based on 'an open question of law,' there is 'obviously no bad faith on the part of the insurer in litigating that issue'" (citation omitted)).

This Court cannot say that Underwriters adopted a "reasonable interpretation" of the "continuing or progressive injury" exclusion when it refused to defend KDC, when the complaints alleged both the manifestation of damage as well as the commencement of construction activities that gave rise to new injury or damage during the Underwriters Policy period. As discussed herein, even assuming that the Underwriters Policy precluded coverage for damage or injury that first manifested before the inception of the Underwriters Policy on September 23, 2008, Underwriters should have known that there was a possibility that damages first potentially occurred during its policy period. The Court cannot say that it is an "open question of law" whether Underwriters had a duty to defend; at

3

most, Underwriters presents a question of fact regarding the reasonableness of its actions.

At the hearing on the present motions, Underwriters argued that, even if Underwriters had a duty to defend and failed to honor that obligation, it acted reasonably in refusing to defend KDC. It further argues that KDC cannot show any damage arising out of such refusal, since Gemini fully covered KDC's defense in the Underlying Actions. [6/4/12 Hrg. Trans. at 56-57.] Conversely, KDC argues that it was indeed injured by Underwriters's refusal to defend, since the Gemini Policy is self-eroding and contains a $100,000 self-retention amount [Gemini Policy at 57], while the Underwriters Policy contains a $50,000 self-retention amount [Underwriters Policy at 36-45]. While it is fortunate for both KDC as well as the other insurers that, once tendered, Gemini did provide a defense in the Underlying Actions, KDC astutely draws attention to the fact that Gemini's defense is more costly to KDC than Underwriters's defense would have been due to the $100,000 self-retention amount. [6/4/12 Hrg. Trans. at 57-58.] Accordingly, the Court is persuaded by KDC's argument that it has shown injury due to Underwriters's alleged bad faith. The Court therefore DENIES Underwriters summary judgment on KDC's bad faith claim.

. . . .

## VI. Contribution among the Insurers

Finally, the Gemini Motion requests that the Court order Indian Harbor and Underwriters to reimburse Gemini for the costs it expended in its defense of KDC in the Underlying Actions. Indian Harbor requests that, if the Court determines that it must reimburse Gemini, the Court not order the parties to pay a specific dollar amount.

As discussed herein, the Court determines that Gemini, Indian Harbor, and Underwriters had a duty to defend KDC in the Underlying Actions. As such, Indian Harbor and Underwriters are obligated to reimburse Gemini for their proportional shares of the defense solely provided by Gemini. Gemini

4

> contends that Indian Harbor received notice of the
> Underlying Actions on June 13, 2007, and
> Underwriters received notice on November 11, 2010.
> Neither Indian Harbor nor Underwriters disputes
> these facts. Accordingly, the Court FINDS that
> Indian Harbor is liable for one-half (½) of the
> defense costs Gemini incurred from June 13, 2007
> to November 11, 2010, and Indian Harbor and
> Underwriters are each liable for one-third (1/3)
> of the defense costs incurred thereafter until the
> settlement. To the extent Gemini may be seeking
> defense costs going forward - after the settlement
> of the Underlying Actions - the Gemini Motion is
> DENIED.

[Order at 81-85 (footnotes omitted).]

**I.  Motion**

Underwriters seek reconsideration of those portions of the Court's Order (1) concluding that Underwriters had notice of all three Underlying Actions at issue in this declaratory judgment action as of November 11, 2010 and is therefore liable for one third of defense costs incurred by Plaintiff Gemini Insurance Company from and after that date, and (2) concluding that KDC has shown evidence of damages in connection with its bad faith claim against Underwriters.  [Motion at 5.]

Underwriters argue that the Court made a manifest error of fact when it rule that Underwriters "did not dispute that it received notice of all three of the underlying lawsuits by November 11, 2010."  [Mem. in Supp. of Motion at 3.] Underwriters state that it specifically disputed this contention in its Separate Concise Statement of Facts ("SCSF"), noting that the Acord Notice of Claim document cited by Gemini as proof of

5

notice applied only to the subrogation action brought by HIGC. Underwriters now argue that they did not receive notice of the Schredder Action until November 24, 2010, when Underwriters' counsel received an email forwarding an copy of Gemini's complaint for declaratory relief against KDC and an attached copy of the complaint in the Schredder action. Underwriters assert that the Court's conclusion that they are liable for one-third of the defense costs incurred by Gemini on behalf of KDC beginning on November 11, 2010 constituted a manifest error of law. [Id. at 3-5.]

They also argue that the Court's finding that KDC has shown injury due to Underwriters' alleged bad faith failure to defend constitutes a manifest error of fact and/or law. They argue that Underwriters cannot, as a matter of law, be liable for defense costs incurred by KDC prior to Underwriters' receipt of notice of the underlying lawsuits. They argue that KDC has not shown that it incurred any defense costs (other than those paid by Gemini) after Underwriters received notice of the lawsuits, and likewise has not shown that it has suffered any damages as a result of Underwriters' failure to defend. [Id. at 3.]

## II.  **KDC Memorandum in Opposition**

KDC opposes the Motion on the grounds that: (1) because the Court found Underwriters had a duty to defend KDC, which was breached, they are liable for all defense fees and costs incurred

by KDC, including the $100,000 spent in the self-insured retention ("SIR") under Gemini's policy; (2) KDC's attorneys' fees incurred to secure coverage under the policy constitute "damages"; and (3) Underwriters had the burden as the party moving for summary judgment, but failed to submit any evidence or argument as to KDC's damages. [KDC Mem. in Opp. at 2]

**III. Gemini Memorandum in Opposition**

Gemini argues that the Motion attempts to introduce evidence that was previously available. It notes that it raised the issue of equitable contribution against Underwriters and affirmatively asserted that Underwriters had notice of the underlying lawsuits on November 10, 2010. Gemini argues that Underwriters had prior notice that the date of notice of the underlying lawsuits would be relevant if Gemini prevailed on its motion, but that Underwriters failed to even address the issue of equitable contribution in its opposition brief, choosing instead to argue that it did not have a duty to defend. It also argues that, although Underwriters disputed Gemini's assertion that Underwriters received notice of the Underlying Lawsuits on November 10, 2010, it offered no evidence to the contrary. That is, Underwriters offered no documentary evidence that it received notice on a different date. [Gemini Mem. in Opp. at 9-10.]

**IV. Reply**

Underwriters argue in reply that Gemini never met its

burden of production with respect to when Underwriters received notice of the Underlying Actions.  They argue that the Acord Notice of Claim should not be sufficient with respect to the Schredder and AOAO actions.  [Reply at 5-6.]  With respect to injuries to KDC, Underwriters argue that any harm is speculative or illusory, and that attorneys' fees incurred by KDC in the instant action do not constitute "damages" for insurer bad faith. [Id. at 9-10.]

**DISCUSSION**

In order to obtain reconsideration of the Order, Underwriters' Motion "must accomplish two goals.  First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision.  Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  See Donaldson v. Liberty Mut. Ins. Co., 947 F. Supp. 429, 430 (D. Hawai`i 1996); accord Tom v. GMAC Mortg., LLC, CIV. NO. 10-00653 SOM/BMK, 2011 WL 2712958, at *1 (D. Hawai`i July 12, 2011) (citations omitted).  This district court recognizes three grounds for granting reconsideration of an order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice."  White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Hawai`i 2006) (citing Mustafa v. Clark County Sch.

8

Dist., 157 F.3d 1169, 1178-79 (9th Cir. 1998)). "Whether or not to grant reconsideration[,]" however, "is committed to the sound discretion of the court." Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 883 (9th Cir. 2000)).

The Court first addresses Underwriters' claims that the Court's finding that Underwriters had notice of the Underlying Acts as of November 11, 2010 constitutes a manifest error of fact and the Court's conclusion that Underwriters are liable for one third of defense costs incurred after November 11, 2010 constitutes a manifest error of law. Underwriters claim that they did not receive notice of the Schredder Lawsuit until November 24, 2010 and the AOAO Lawsuit until after April 5, 2011. [Mem. in Supp. of Motion at 5-6.] In support, Underwriters attach the Declaration of Eric Shoiketman, and three new exhibits purporting to show the dates upon which Underwriters received notice of the Schredder and AOAO Lawsuits.[2] Clearly, these documents were in existence and were known to Underwriters before

---

[2] The exhibits are: an e-mail dated November 24, 2010 from Mary Alexander of DMB, Inc. to Eric Shoiketman attaching a copy of Gemini's unsigned and unfiled Complaint for Declaratory Judgment in regards to coverage for the Schredder Action (Exh. 1); another e-mail dated November 24, 2010 from Mary Alexander of DMB, Inc. to Mr. Shoiketman attaching a copy of Gemini's signed and filed Complaint for Declaratory Judgment in regards to the Schredder Action (Exh. 2); and a Notice of Occurrence/Claim dated April 5, 2011 of the AOAO Action (Exh. 3).

Underwriters opposed Gemini's motion for summary judgment. Underwriters present no evidence that these were newly discovered evidence; there is no indication that they did not have all of these documents in their possession when they filed their opposition to Gemini's motion for summary judgment. This newly presented evidence is not a proper basis for reconsideration. See White, 424 F. Supp. 2d at 1274 (citing Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000)); Haw. Stevedores, Inc. v. HT & T Co., 363 F. Supp. 2d 1253, 1269 (D. Hawai`i 2005) ("reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision").

The Court next turns to Underwriters' contention that the Court's finding that KDC has shown injury due to Underwriters' failure to defend constitutes a manifest error of fact and/or law. Here, the Motion simply disagrees with this Court's reasoning that Underwriters are not entitled to summary judgment on this issue; that is, they have not established that KDC did not suffer harm. "Mere disagreement with a previous order is an insufficient basis for reconsideration." White, 424 F. Supp. 2d at 1274.

The Court therefore FINDS that Underwriters have not presented any ground warranting reconsideration of the Order's rulings regarding the date of notice or injury to KDC.

**CONCLUSION**

On the basis of the foregoing, Underwriters Motion for Reconsideration Motion, filed on July 13, 2012, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, August 31, 2012.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**GEMINI INSURANCE COMPANY V. KUKU`ULA DEVELOPMENT COMPANY (HAWAII), LLC, ET AL; CIVIL NO. 10-00637 LEK-BMK; ORDER DENYING ADDITIONAL DEFENDANTS CERTAIN UNDERWRITERS AT LLOYD'S MOTION FOR RECONSIDERATION**