IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GEMINI INSURANCE COMPANY, ) | CIVIL NO. 10-00637 LEK-BMK |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| KUKUI`ULA DEVELOPMENT COMPANY ) | |
| (HAWAII), LLC; DMB KUKUI`ULA, ) | |
| LLC; KDC, LLC; DMB ASSOCIATES ) | |
| (HAWAII), INC.; and A & B ) | |
| PROPERTIES, INC., et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**ORDER GRANTING GEMINI'S MOTION FOR SUMMARY
JUDGMENT AGAINST INDIAN HARBOR FOR PAYMENT
OF DEFENSE FEES; AND DENYING INDIAN HARBOR'S
<u>COUNTER-MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST GEMINI</u>**

This case is a declaratory relief action arising from a dispute over coverage between insureds Kukuiʻula Development Company (Hawaii), LLC, DMB Kukuiʻula, LLC, KDC, LLC, DMB Associates (Hawaii), Inc., and A&B Properties, Inc. (collectively, "KDC"), and their three insurers, Gemini Insurance Company ("Gemini"), Indian Harbor Insurance Company ("Indian Harbor"), and Certain Underwriters at Lloyd's ("Underwriters").

Before the Court are (1) Gemini's Motion for Summary Judgment and Entry of Final Judgment Against Indian Harbor Insurance Company for Payment of Defense Fees and Costs Pursuant to the Order Filed June 29, 2012, filed March 1, 2013 ("Gemini-Indian Harbor Motion"), [dkt. no. 333;] and (2) Indian Harbor's

Counter-Motion for Partial Summary Judgment Against Gemini, filed April 15, 2013 ("Indian Harbor-Gemini Counter-Motion"), [dkt. no. 377].[1]  The parties filed their respective memoranda in opposition to the motions on April 15, 2013, replies in support of the motions and memoranda in opposition to the counter-motions on April 22, 2013, and replies in support of the counter-motions on April 29, 2013.

These matters came on for hearing on May 6, 2013. Appearing on behalf of KDC were James C. McWhinnie, Esq., Joseph L. Oliva, Esq., and Tred R. Eyerly; appearing on behalf of Gemini was J. Patrick Gallagher, Esq.; appearing on behalf of Indian Harbor were Michael N. Tanoue, Esq., and Max H. Stern,

---

[1] Also before the Court were: (1) KDC's Motion for Partial Summary Judgment Against Gemini Insurance Company, filed March 1, 2013, [dkt. no. 329;] (2) Gemini's Motion for Summary Judgment for an Order Finding that Gemini is a Surplus Lines Insurer Not Bound by Haw. Rev. Stat. Section 431:10-242, filed March 1, 2013, [dkt. no. 335;] (3) Underwriters' Motion for Summary Judgment, filed March 1, 2013, [dkt. no. 345;] (4) Underwriters' Substantive Joinder in the Gemini Surplus Lines Motion and Indian Harbor-KDC Motion No. 3, filed March 8, 2013, [dkt. no. 348;] (5) KDC's Motion for Partial Summary Judgment Against Certain Underwriters at Lloyd's, filed March 1, 2013, [dkt. no. 330;] (collectively, the "Underwriters Motions") (6) KDC's Motion for Partial Summary Judgment Against Indian Harbor Insurance Company, filed March 1, 2013, [dkt. no. 328;] (7) Indian Harbor's Motion for Partial Summary Judgment No. 1 against KDC (re: Indemnity Issues), filed March 1, 2013, [dkt no. 339;] (8) Indian Harbor's Motion for Partial Summary Judgment No. 2 against KDC (re: Bad Faith on Defense Costs), filed March 1, 2013, [dkt. no. 341;] (9) Indian Harbor's Motion for Partial Summary Judgment No. 3 against KDC (re: Attorneys' Fees), filed March 1, 2013, [dkt no. 343;] and (10) Indian Harbor's Counter-Motion for Partial Summary Judgment Against KDC, filed April 15, 2013, [dkt. no. 375.]

Esq.; and appearing on behalf of Underwriters was Richard B. Miller, Esq.  After careful consideration of the motions and counter-motions, supporting and opposing memoranda, and the arguments of counsel, the Court:  (1) GRANTS the Gemini-Indian Harbor Motion; and (2) DENIES the Indian Harbor-Gemini Counter-Motion.

## BACKGROUND

### I. Factual Background

This case arises out of KDC's planning, development, and construction of the Kukui'ula Residential Community Project on Kaua`i ("Project").  KDC purchased different insurance policies from the three carriers in this action: (1) a Commercial General Liability ("CGL") policy from Gemini for September 23, 2005 to September 23, 2008 ("Gemini Policy"); (2) a CGL policy from Underwriters for September 23, 2008 to September 23, 2010 ("Underwriters Policy"); and (3) a Pollution Legal Liability policy from Indian Harbor ("Indian Harbor Policy").  The Gemini and Underwriters policies are both CGL policies, which were issued for consecutive two- and three-year periods.

The relevant procedural and factual background of the case, as well as the relevant language from the three insurance policies, are set forth in this Court's June 29, 2012 Order ("6/29/12 Order"), [dkt. no. 274,] and February 29, 2012 Order ("2/29/12 Order"), Gemini Ins. Co. v. Kukui`ula Dev. Co., 855 F.

Supp. 2d 1125 (D. Hawai`i 2012), and the Court will not repeat them here, except to highlight a few facts relevant to the instant motions.

### A.  The Underlying Actions

In 2009, three lawsuits were filed against KDC, alleging bodily injuries and property damage arising out of the work performed on the Project: (1) Schredder v. Kukui'ula Development Co. (Hawaii), Civ. No. 09-1-0045, Circuit Court of the Fifth Circuit, State of Hawai`i (the "Schredder Action"); (2) Hawaiian Insurance & Guaranty Co. v. Kukui'ula Development Co. (Hawaii), Civ. No. 09-1-0046, Circuit Court of the Fifth Circuit, State of Hawai`i (the "HIG Action"); and (3) Ass'n of Apartment Owners of Lawai Beach Resort v. Kukui'ula Development Co. (Hawaii), Civ. No. 09-1-0109, Circuit Court of the Fifth Circuit, State of Hawai`i (the "AOAO Action") (collectively, the "Underlying Actions").

Gemini provided a full defense in the Underlying Actions, subject to a reservation of rights; however, Indian Harbor and Underwriters did not.  All three Underlying Actions were fully settled: the Schredder Action was settled for a total of $625,000, the HIGC Action settled for a total of $280,000, and the AOAO Action settled for a total of $285,000.

### B.  The Additional Claims and Payments

In addition to the Underlying Actions, a number of

neighboring homeowners made claims directly to KDC ("Additional Claims") that dust and dirt from the construction caused health-related issues or other damages.  Prior to beginning construction, KDC instituted a program to make certain payments to neighbors of the Project and, in January 2006, met with neighbors to inform them of this program (the "Neighborhood Satisfaction Program").  The payments made to neighbors were for a variety of services, including the increased cost of house and pool cleaning because of dirt flowing from the Project, installation of screens on neighboring houses to prevent dirt from entering, and provision of air conditioning units (the "Additional Payments").

In June 2006, KDC hired a Neighborhood Relations Manager (Patti Mielziner), who was primarily responsible for communicating with neighbors regarding the Project, assessing what payments would be made to those neighbors, and administering those payments.  Starting in or around June 2007, KDC also separately participated in a multi-party Dust Management Hui, a group of developers who agreed to share the cost of payments made to neighbors who were impacted by multiple developers. Ms. Mielziner was also designated the Neighborhood Relations Manager with respect to the Dust Management Hui.  Pursuant to KDC's efforts to address the Additional Claims, more than 1,200 invoices were paid over the course of almost four years – between

January 2006 and October 2009 – to more than 170 recipients, totaling approximately $722,000.

## STANDARD

The standard for summary judgment is well-known to the parties and the Court and does not bear repeating here. See, e.g., Rodriguez v. Gen. Dynamics Armament & Technical Prods., Inc., 696 F. Supp. 2d 1163, 1176 (D. Hawai'i 2010).

## DISCUSSION

In the Gemini-Indian Harbor Motion, Gemini seeks final judgment on Indian Harbor's obligation to reimburse Gemini for Indian Harbor's share of the defense costs. Gemini emphasizes that it provided KDC with a full defense, subject to a reservation of rights, in the Underlying Actions, and that this Court has already determined in its 6/29/12 Order that Indian Harbor had a duty to defend and are liable to Gemini for a stated percentage share of the defense. Gemini notes that, in a letter dated July 12, 2012, Gemini provided Indian Harbor with redacted copies of the defense invoices and a table summarizing the invoices and made a demand for reimbursement of defense fees and costs pursuant to the Court's 6/29/12 Order. Indian Harbor failed to respond. Gemini therefore asks the Court to enter final judgment, pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, against Indian Harbor in favor of Gemini, and to award Gemini $241,392.87, Indian Harbor's share of the defense

expenses incurred by Gemini.  [Mem. in Supp. of Gemini-Indian Harbor Motion at 4, 9.]

In the Indian Harbor-Gemini Counter-Motion, Indian Harbor does not dispute the amount Gemini claims it is owed, or Gemini's request for entry of final judgment, but, rather, asks the Court to reconsider its prior ruling in its 6/29/12 Order that Gemini is entitled to equitable contribution and reimbursement for defense fees incurred by KDC in the Underlying Actions.  [Indian Harbor-Gemini Counter-Motion at 1, 11.]

As a preliminary matter, the Court notes that Indian Harbor's request for reconsideration of the Court's 6/29/12 Order is untimely.  Rule LR60.1 of the Local Rules of Practice of the United States District Court for the District of Hawai`i states that a motion seeking reconsideration of an interlocutory order must be filed and served not more than fourteen days after the Court's written order is filed.  Indian Harbor did not file a motion requesting reconsideration until April 15, 2013, almost ten months after the 6/29/12 Order was filed.  As such, Indian Harbor's motion is clearly untimely.  Further, Indian Harbor has demonstrated no basis for the Court to exercise its inherent power to reconsider its previous order: Indian Harbor makes essentially identical arguments here as it made before this Court in the 6/29/12 Order.  Mere disagreement with the Court's analysis in the 6/29/12 Order is not a sufficient basis for

reconsideration.  See White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Hawai`i 2006).  The Court therefore DENIES the Indian Harbor-Gemini Counter-Motion.

The Court found in its 6/29/12 Order that Indian Harbor is liable for one-half (½) of the defense costs Gemini incurred from June 13, 2007 to November 11, 2010, and for one-third (1/3) of the defense costs incurred thereafter until the settlement. [Dkt. no. 274, at 85.]  Indian Harbor does not dispute the amount Gemini asserts constitutes its share.  [Indian Harbor-Gemini Counter-Motion at 16.]  As such, the Court GRANTS the Gemini-Indian Harbor Motion and FINDS that Gemini is entitled to reimbursement from Indian Harbor in the amount of $241,392.87, and DENIES the Indian Harbor - Gemini Counter-Motion.

## CONCLUSION

On the basis of the foregoing, the Court:  (1) GRANTS Gemini's Motion for Summary Judgment against Indian Harbor for Payment of Defense Fees [dkt. no. 333]; and (2) DENIES Indian Harbor's Counter-Motion for Partial Summary Judgment Against Gemini [dkt. no. 377].

Additionally, in light of the Court's decision GRANTING Gemini's Motion for Summary Judgment against Indian Harbor for Payment of Defense Fees, [dkt. no. 333,] the Court HEREBY ORDERS the Clerk of the Court to enter judgment as to Count V of Gemini's Counterclaim for Declaratory Judgment, Equitable

Contribution, and Other Relief Against Indian Harbor, [dkt. no. 51,] in favor of Gemini and against Indian Harbor in the amount of $241,392.87.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, July 15, 2013.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge


**GEMINI INSURANCE COMPANY V. KUKUI`ULA DEVELOPMENT CO. (HAWAII) LCC, ET AL; CIVIL NO. 10-00637 LEK-BMK; ORDER GRANTING GEMINI'S MOTION FOR SUMMARY JUDGMENT AGAINST INDIAN HARBOR FOR PAYMENT OF DEFENSE FEES; AND DENYING INDIAN HARBOR'S COUNTER-MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST GEMINI**