IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| GEMINI INSURANCE COMPANY, | ) | CIVIL 10-00637 LEK-BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| KUKUI`ULA DEVELOPMENT COMPANY | ) | |
| (HAWAII), LLC; DMB KUKUI`ULA, | ) | |
| LLC; KDC, LLC; DMB ASSOCIATES | ) | |
| (HAWAII), INC; AND A & B | ) | |
| PROPERTIES, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**<u>ORDER REGARDING ISSUES ON REMAND FROM THE NINTH CIRCUIT</u>**

Before the Court is a matter remanded from the Ninth
Circuit Court of Appeals to "determine whether the primary policy
and the self-insured retention were exhausted and order
contribution and reimbursement accordingly." [Memorandum, filed
6/23/15 (dkt. no. 469) ("Remand Memorandum"), at 3.]  The Court
finds this matter suitable for disposition without a hearing
pursuant to Rule LR7.2(d) of the Local Rules of Practice of the
United States District Court for the District of Hawai`i ("Local
Rules").  The hearing scheduled for October 13, 2015 at 9:45 a.m.
is HEREBY VACATED.  After careful review of the Remand
Memorandum, the briefs submitted by the parties, the record in
this case, and the relevant legal authority, the Court hereby
ORDERS Gemini Insurance Company ("Gemini") to reimburse Indian
Harbor Insurance Company ("Indian Harbor") $262,500 and DENIES

Indian Harbor's request for prejudgment interest.

## BACKGROUND

The present dispute arises from Kukui`ula Development Corporation's ("KDC") Kukui`ula Residential Community Project on the island of Kaua`i.  Nearby residents alleged that the project caused bodily injury and property damage.  The relevant procedural and factual background, as well as the relevant language from the insurance policies, are set forth in this Court's June 29, 2012 order, [dkt. no. 274,] and February 29, 2012 order, 855 F. Supp. 2d 1125.  The Court does not find it necessary to repeat this background information here, and will only highlight the issues that are relevant to the instant matter.

On July 15, 2013, the Clerk's Office entered judgment in favor of Gemini and against Indian Harbor pursuant this Court's summary judgment orders.  [Dkt. no. 442.]  On August 9, 2013, pursuant to a stipulation filed by the parties, [dkt. no. 456,] this Court entered Final Judgment in favor of Gemini and against Indian Harbor on their respective counterclaims [Dkt. no. 457].  Indian Harbor filed its Notice of Appeal on August 13, 2013.  [Dkt. no. 459.]  In the Remand Memorandum, the Ninth Circuit held that Indian Harbor was "not obligated to pay defense costs until Gemini's coverage was exhausted."  [Remand Mem. at 3.]  The Ninth Circuit issued the Mandate on July 16, 2015, and,

2

on July 21, 2015, this Court directed the parties to submit
simultaneous briefs addressing the issues articulated by the
Ninth Circuit.  [Dkt. nos. 470, 471.]  The parties' briefs were
filed on September 8, 2015, and each party filed a response on
September 22, 2015.  [Dkt. nos. 472-73, 474-75.]

**DISCUSSION**

**I.   <u>Exhaustion of the Primary Policy</u>**

        New York law applies to the Indian Harbor insurance
policy.  <u>See</u> Remand Mem. at 2 n.1 (finding that the New York
choice-of-law provision in the Indian Harbor insurance policy is
valid).  Where one insurance policy is excess to a separate
policy, the excess policy provider is required to contribute only
after the primary policy is exhausted.  <u>Gen. Accident Fire & Life
Assurance Corp. v. Piazza</u>, 152 N.E.2d 236, 241 (N.Y. 1958) (an
excess policy is required to contribute "only after the limits of
the [primary] policy are consumed").

        The parties agree that Gemini's policy was not
exhausted.  [Gemini's Memorandum Regarding Exhaustion of Primary
Policy and Self-Insured Retention, filed 9/8/15 (dkt. no. 472)
("Gemini Remand Brief"), at 5 ("Gemini agrees its $2,000,000
policy limit was not exhausted."); Indian Harbor's Brief Re:
Issues on Remand, filed 9/8/2015 (dkt. no. 473) ("Indian Harbor
Remand Brief"), at 1 ("Gemini does not dispute that the self-
insured retention of its policy was exhausted but that its policy

is not.").]  The parties further agree that Gemini owes Indian Harbor $262,500.  [Gemini Remand Brief at 5 ("The determination that Indian Harbor's policy was excess to Gemini's entitles Indian Harbor to reimbursement for that amount of the settlement paid by Indian Harbor in the Schredder[1] action in the amount of $262,500.  Gemini has already notified Indian harbor that Gemini stands ready to pay that amount."); Indian Harbor Remand Brief at 1 ("Gemini owes Indian Harbor the $262,500 for the Schredder settlement").]  This Court agrees, and ORDERS Gemini to pay Indian Harbor $262,500.

## II.  Self-Insured Retention

There appears to be some confusion among the parties about the Ninth Circuit's instruction to this Court to determine whether the self-insured retention was exhausted.  Gemini states that "the Ninth Circuit was aware that the Indian Harbor policy contained a self-insured retention and arguments as to whether that self-insured retention had been exhausted had been an alternative argument raised by Indian Harbor."  [Gemini Remand Brief at 5.]  Gemini explains that, because its insurance policy was not exhausted, "whether or not the Indian Harbor self-insured retention was exhausted is admittedly moot and no longer relevant

---

[1] Schredder v. Kukui`ula Dev. Co. (Hawaii), Civ. No. 09-1-0045, Circuit Court of the Fifth Circuit, State of Hawai`i, is one of three lawsuits filed against KDC in 2009 for bodily injury and property damage, insurance coverage for which gave rise to the instant matter.

to the contribution and reimbursement issue." [Id.] Indian

Harbor references Gemini's self-insured retention, and explains

that, "Gemini does not dispute that its self-insured retention

was satisfied and that its primary policy has not been exhausted,

and it therefore had the obligation to pay and has sufficient

limits to pay the $262,500." [Indian Harbor Remand Brief at 3-4

(footnote omitted).] Thus, both parties agree that any issue

surrounding a self-insured retention is irrelevant, given that

Gemini's policy was not exhausted, and the policy limit will not

be reached even after Gemini reimburses Indian Harbor for the

Schredder settlement. This Court FINDS that the issue of whether

or not the self-insured retention was exhausted is MOOT.

## III. **Prejudgment Interest**

The parties have both argued that Hawai`i law applies

to the determination of whether or not to award prejudgment

interest. [Gemini Remand Brief at 3-10 (discussing cases that

apply Hawai`i law to awards of prejudgment interest); Indian

Harbor Remand Brief at 4 ("Hawaii law applies to the issue of

prejudgment interest in this diversity case." (citation

omitted)).] The award of prejudgment interest is governed by

Hawai`i Revised Statute § 636-16, which states:

> In awarding interest in civil cases, the judge is
> authorized to designate the commencement date to
> conform with the circumstances of each case,
> provided that the earliest commencement date in
> cases arising in tort, may be the date when the
> injury first occurred and in cases arising by

breach of contract, it may be the date when the breach first occurred.

In <u>Tri-S Corp. v. Western World Insurance Co.</u>, the Hawai`i Supreme Court clarified whether or not a court must find a party at fault for undue delay in order to award prejudgment interest:

> (1) if fault is found on the part of the party seeking interest, denial of interest will not be considered an abuse of discretion; (2) if fault is found on the part of the party opposing interest, an award of interest will not be considered an abuse of discretion; and (3) where no fault is found on either side, the trial court may still award or deny prejudgment interest in its discretion, depending on the circumstances of the case.

110 Hawai`i 473, 498, 135 P.3d 82, 107 (2006); <u>see also</u> <u>Weite v. Momohara</u>, 124 Hawai`i 236, 266, 240 P.3d 899, 929 (Ct. App. 2010) ("There is no evidence in the record on appeal to suggest that Momohara's conduct unduly delayed the proceedings of the case so as to justify an award of prejudgment interest to Weite.  The circuit court did not abuse its discretion by denying Weite's motion for prejudgment interest." (citation omitted)).

Indian Harbor argues that the Court should award prejudgment interest because:  (1) Gemini previously requested and was awarded prejudgment interest; (2) Indian Harbor did not cause any delay in resolving this issue; and (3) Gemini filed the instant case against KDC, which brought Indian Harbor into the lawsuit, and "Gemini ultimately was found to be incorrect in all its positions."  [Indian Harbor Remand Brief at 7-9.]  Further,

Indian Harbor contends that it "several times argued that it had no duties under its policy because it was excess to Gemini's primary policy.  Each time, Gemini argued against the position and persuaded the Court to rule against Indian Harbor." [Id. at 9.]  While Indian Harbor claims that this caused "significant delay" in the ultimate determination that its position was correct, [id.,] Indian Harbor does not claim that Gemini engaged in any dilatory tactics.  This was a complex, multi-party dispute, and any delay was the result of the normal course of litigation and was not the fault of either party in the instant matter.  This Court therefore FINDS that an award of prejudgment interest is not appropriate,[2] and DENIES Indian Harbor's request for prejudgment interest.

## CONCLUSION

On the basis of the foregoing, this Court FINDS that Gemini owes Indian Harbor $262,500.  This Court ORDERS Gemini to pay this amount to Indian Harbor, though Indian Harbor's counsel,

---

[2] Indian Harbor argues that "Gemini cannot reasonably dispute the appropriateness of interest here, when it previously requested and was awarded interest." [Indian Harbor Remand Brief at 7.]  It is true that Gemini requested and was awarded prejudgment interest. [Motion for Prejudgment Interest and Postjudgment Interest ("Motion"), filed 7/12/13 (dkt. no. 440); Order granting Motion, filed 7/25/13 (dkt no. 450).]  It is worth noting, however, that Indian Harbor did not oppose Gemini's Motion. [Indian Harbor Insurance Company's Statement of No Opposition to Gemini Insurance Company's Motion for Prejudgment Interest and Postjudgment Interest, filed 7/17/13 (dkt. no. 445).]  This Court's ruling on the Motion does not control the outcome of the issue currently before it.

by **November 24, 2015**.

       In addition, this Court DENIES Indian Harbor's request for prejudgment interest and FINDS that the issue of the self-insured retention is MOOT.  There being no remaining issues on remand, this Court DIRECTS the Clerk's Office to close the case and issue an amended judgment on **October 29, 2015**, unless a motion for reconsideration of this order is filed by **October 26, 2015**.

       IT IS SO ORDERED.

       DATED AT HONOLULU, HAWAII, October 9, 2015.



                              /s/ Leslie E. Kobayashi
                              Leslie E. Kobayashi
                              United States District Judge

**GEMINI INSURANCE COMPANY VS. KUKUI`ULA DEVELOPMENT COMPANY, ET AL; CIVIL 10-00637 LEK-BMK; ORDER REGARDING ISSUES ON REMAND FROM THE NINTH CIRCUIT**